

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 6, 1963

Honorable Robert S. Calvert            Opinion No. C- 30
Comptroller of Public Accounts
Capitol Station                        Re:  Review of Attorney
Austin, Texas                               General's Opinion
                                            No. WW-1489, dated
Dear Sir:                                   December 6, 1962.

        We have received your letter in which you request that
we review the conclusion reached in Attorney General's Opin-
ion No. WW-1489, dated December 6, 1962, addressed to Honor-
able Jim N. Thompson, County Attorney, Lamar County.

        In reviewing this opinion we believe that we should
look at the history of the request for the opinion mentioned.
The County Attorney of Lamar County addressed the request
to this office for an opinion on a question stated by him
as follows:

        "Does paragraph (H) of Article 20.04
    of Chapter 20, Title 122A, Vernon's Texas
    Civil Statutes (the Texas Limited Sales,
    Excise and Use Tax Act), exempt both the
    seller and the purchaser or consumer from
    all of the taxes imposed by that Act where
    tangible personal property to be used in
    this State is purchased at retail and de-
    livered by the seller to the purchaser
    pursuant to a valid written contract exe-
    cuted prior to September 1, 1961, the con-
    tract being a contract of sale of tangible
    personal property in a certain fixed quan-
    tity at a certain fixed price with delivery
    to be on certain fixed dates after Septem-
    ber 1, 1961, and notice of such contract
    and the exclusion claimed under paragraph
    (H) having been duly given by the taxpayer
    to the Comptroller on or before the lapse
    of one hundred and twenty (120) days from
    the date of the passage of the Act?"
    (Emphasis added by us).

        The letter requesting this opinion contained a brief
on the question which called attention to Ruling No. 2 of
the State Comptroller, dated December 6, 1961, which

-128-

apparently ruled that the use or consumption of the property by the purchaser after delivery is subject to the use tax imposed by Article 20.03, Chapter 20, Title 122A, Taxation-General, V.C.S. The request for the opinion does not state any facts other than to ask if the proceeds from the sale are exempt from the taxes imposed by the Act, where the property "is purchased at retail and delivered by the seller to the purchaser pursuant to a valid written contract, executed prior to September 1, 1961, the contract being a contract of sale of tangible personal property in a certain fixed quantity at a certain fixed price with delivery to be on certain fixed dates after September 1, 1961". (See the emphasis in the part of the question as above quoted in the preceding paragraph.)

It is apparent that the contract mentioned is only a contract between the seller and purchaser, for the request specifically states that the contract involved is a "contract of sale". No mention is made of any contract between either the seller or purchaser and a third party, or anything pertaining to the property being "used for the performance of a written contract" as provided in the statute.

The brief above mentioned merely attacks Ruling No. 2 of the Comptroller and takes the view that a contract between the seller and purchaser as above mentioned provides an exemption from the taxes imposed by the Act.

Opinion No. WW-1489 above mentioned, which we are reviewing, seems to follow the contention shown in the brief by the County Attorney as shown by the following statements in the opinion:

At page 3 of said opinion it is said:

> "We believe that paragraph (H) exempts both the seller and the purchaser or consumer from all the taxes imposed by Chapter 20 where tangible personal property to be used in this State is purchased at retail and delivered by the seller to the purchaser pursuant to a valid written contract executed prior to September 1, 1961, with delivery to be on certain fixed dates after September 1, 1961, in a certain fixed quantity at a certain fixed price."

The Summary of said opinion at page 5 reads as follows:

> "Paragraph (H) of Article 20.04,
> Taxation General, Vernon's Civil
> Statutes, exempts both the seller and
> purchaser or consumer from all the
> taxes imposed by Chapter 20, when
> tangible personal property is sold
> pursuant to a written contract en-
> tered into prior to September 1, 1961,
> provided that the express conditions
> of paragraph (H) are met."

In view of the above statements, said opinion can only be construed as upholding the contention of the County Attorney and holds that if a seller and purchaser entered into a contract of sale before September 1, 1961, the proceeds of the sale could be exempt by giving notice of the contract to the Comptroller as provided by the statute.

We have already noticed the ruling of the Comptroller as stated by the County Attorney that the transaction would be subject to the use tax imposed by Article 20.03, if used or consumed by the purchaser.

In view of the above holdings, we are constrained to hold that Opinion No. WW-1489 is in error and that the same should be overruled for the reasons hereinafter stated.

As stated in the opinion mentioned, the sales tax is new and we are not aware of any reported cases construing the section of the act which is involved.

The statute involved is contained in the Acts of the First Called Session of the 57th Legislature (1961), Chapter 24, Section 1, Article I, and Article 20.04, Chapter 20, Title 122A, Taxation-General, V.C.S., reading as follows:

> "(H)  Written Contracts and Bids Exe-
> cuted Prior to the Effective Date of this
> Chapter.  There are exempted from the
> taxes imposed by this Chapter the receipts
> from the sale, use or rental of, and the
> storage use or other consumption in this
> State of, tangible personal property (i)
> used for the performance of a written
> contract entered into prior to the effec-
> tive date of this Chapter or (ii) pursuant
> to the obligation of a bid or bids sub-
> mitted prior to the effective date of this
> Chapter which bid or bids could not be
> altered or withdrawn on or after that

> date and which bid or bids and contract
> entered into pursuant thereto are at
> a fixed price not subject to change or
> modification by reason of a tax imposed
> by this Chapter.
>
> "Provided, however, that notice of
> such contract or bid by reason of which
> an exclusion is claimed under this para-
> graph (H) must be given by the taxpayer
> to the Comptroller on or before the
> lapse of one hundred and twenty (120)
> days from the date of passage of this
> Chapter."  (Emphasis added.)

It is to be noticed that the statute does not refer to a contract between the seller and purchaser as decided in Opinion No. WW-1489.  It is also noticed that the statute does not refer to a sale "pursuant to a written contract" as stated in the Summary of the opinion.

In the first place, why should the proceeds from a sale by a contract between the seller and purchaser be exempt from the taxes imposed by the Act any more than a sale and purchase between a store and any customer at any time without a previous contract?  If we are going to say that the proceeds from a sale by virtue of a contract between the seller and purchaser are exempt from the tax, then it would have been an easy matter for any person to enter into a contract with some merchant to sell him certain products for any number of years at a predetermined price and thus evade the tax.  We do not believe the Legislature intended such a result.

The statute says that the "receipts from the sale" are exempt when the sold property is used "for the performance of a written contract entered into before the effective date of the act".  It appears, therefore, that it was the intention that the contract must be one between the purchaser and a third party and not between the seller and the purchaser. Assuming, without passing upon same, it may be possible that the statute could cover a contract between the seller and pur- chaser, as for example, A, a lumber dealer, contracts with B, a contractor, for B to build a house for A with an agreement that B will purchase from A all lumber used in constructing the house.  However, in such case, B would be using the lumber to "perform the contract" to build the house for A and would not be using the lumber to perform the contract of sale of the lumber.

We believe that the purpose of the provision mentioned was to make provision for such persons as contractors who have entered into construction contracts based upon the fact that the contractor could purchase certain materials at certain prices without a tax on the sale of the materials and he agrees to perform the contract for a certain amount. If a contractor should be required to pay a tax on the material, then he would suffer a loss in performing his contract. The Legislature did not want to make a person who had made a bona fide contract before the effective date of the act to suffer a loss on account of the act.

The view just mentioned is further strengthened by the alternative provision in the second (ii) provision of the section which provides for an exemption from the receipts of the sale where the property is used, which provision reads as follows:

> ". . . or (ii) pursuant to the obligation of a bid or bids submitted prior to the effective date of this Chapter which bid or bids could not be altered or withdrawn on or after that date and which bid or bids and contract entered into pursuant thereto are at a fixed price not subject to change or modification by reason of a tax imposed by this Chapter."

In other words, we see that the exemption provided for by reason of a prior contract is for the protection of contractors (1) who have already contracted or (2) who have made a bid and cannot be relieved from the bid. It is well known that in many instances contractors are required to accompany bids with certified checks calling for a penalty to be paid if they fail to enter into a contract if it is awarded to them.

You are advised that we have reviewed Opinion No. WW-1489 and are of the opinion that it should be overruled.

## SUMMARY

The provisions of Paragraph (H) of Article 20.04, Chapter 20, Title 122A, Taxation-General, V.C.S., exempting the receipts from the sale, use or rental of, and the storage use or other consumption of tangible personal property when used for the performance of a contract entered into prior to the effective date of

the Act, do not apply to a mere contract of sale of tangible personal property, but only to a contract made by the purchaser to be used for the performance of a contract.

Opinion No. WW-1489 is overruled.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: H. Grady Chandler
Assistant

HGC/jp

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Ernest Fortenberry
Jerry Brock

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone